NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES C.,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Civil Action No. 25-2747 (MAS)<br><br>**MEMORANDUM OPINION** |

SHIPP, District Judge

This matter comes before the Court upon Plaintiff James C.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security Income ("SSI") under Title XVI. (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the decision of the Administrative Law Judge ("ALJ").

I.    BACKGROUND

In this appeal, the Court must consider whether the ALJ's finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

### A.  Procedural Background

Plaintiff filed an application for DIB and SSI on July 27, 2022, alleging a disability onset date of March 21, 2020. (AR 180-84, ECF No. 8.[2]) The Social Security Administration (the "Administration") denied the application both initially and upon reconsideration. (*Id.* at 56-91.) Plaintiff, thereafter, requested a hearing and the ALJ held a hearing on April 5, 2024. (*Id.* at 14-24.) On May 16, 2024, the ALJ denied Plaintiff's claims. (*Id.*) Plaintiff submitted a request for review, which the Appeals Council denied (*id.* at 1-3), making the ALJ's May 16, 2024, decision the Commissioner's final decision. This appeal followed. (*See generally* Compl., ECF No. 1.) On August 28, 2025, Plaintiff filed his moving brief in this action. (Pl.'s Moving Br., ECF No. 9.) The Commissioner opposed (Def.'s Opp'n Br., ECF No. 14), and Plaintiff replied (Pl.'s Reply Br., ECF No. 15).

### B.  The ALJ's Decision

In her May 16, 2024, decision the ALJ concluded that Plaintiff was not disabled. (AR 24.) The ALJ set forth the Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 15-16 (citing 20 C.F.R. §§ 404.1520(a), 416.920(a)).) As an initial matter, the ALJ found that Plaintiff "meets the insured status requirements of the . . . Act through June 30, 2024." (*Id.* at 16.) At step one, the ALJ found that Plaintiff "ha[d] not engaged in substantial gainful activity since March 21, 2020, the alleged onset date[.]" (*Id.*) At step two, the ALJ determined that Plaintiff had several severe impairments during the relevant

---

[2] The Administrative Record ("AR") is located at ECF Nos. 8 through 8-7. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

period: (1) depressive disorder; (2) anxiety disorder; (3) bipolar disorder; and (4) polysubstance use disorder. (*Id.* at 17.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), and 416.925 during the relevant period. (*Id.*) With respect to Plaintiff's impairments, the ALJ stated that Plaintiff's "mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, and 12.08." (*Id.*) She also noted, that in making that finding, she considered whether the "paragraph B" criteria were satisfied. (*Id.*)

The ALJ determined that Plaintiff had the residual functional capacity ("RFC")[3] to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c). (*Id.* at 19.) Plaintiff, however, was limited to:

> avoiding all exposure to hazards such as unprotected heights and moving mechanical parts; retains the ability to carry out simple routine tasks on a continuous basis with simple instructions and simple work-related decisions; no assembly line or production rate pace work; no work in tandem; occasional interaction with co-workers and supervisors; no constant interaction with the public in a customer service setting; and able to tolerate occasional changes in the work setting and work processes.

(*Id.*)

---

[3] RFC is defined as "the most [an individual] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1); *see Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) ("'[R]esidual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by [his] impairments[.]" (citing *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999))). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1520(c), 404.1546(c).

At step four, the ALJ found that Plaintiff is "capable of performing past relevant work as a meat clerk" because "[t]his work does not require the performance of work-related activities precluded by" his RFC. (*Id.* at 22.) The ALJ determined that Plaintiff is able to perform the work as actually and generally performed. (*Id.*) The ALJ considered that Plaintiff is 34 years old on the alleged disability onset date, which is defined as "a younger individual," and has at least a high school education. (*Id.* at 23.) The ALJ determined that "[t]ransferability of job skills is not material . . . because . . . [Plaintiff] is 'not disabled,' whether or not [he] has transferable job skills." (*Id.*) In addition to past relevant work, based on the aforementioned factors and Plaintiff's RFC, the ALJ determined that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id.* at 23-24.) In doing so, the ALJ relied upon the testimony of the vocational expert, who testified that an individual of Plaintiff's age, education, work experience, and RFC is "able to perform the requirements of representative occupations such as" hospital cleaner, kitchen helper, and linen room attendant. (*Id.* at 24.)

At step five, the ALJ determined that Plaintiff was not disabled, as defined in the Act, from March 21, 2020 (the alleged onset date), through the date of the ALJ's decision, May 16, 2024, for the purposes of Plaintiff's DIB and SSI claims. (*Id.*)

## II.    <u>LEGAL STANDARD</u>

### A.    **Standard of Review**

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial

evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks and citation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

## B.    Establishing Disability and SSI

To be eligible for DIB or SSI under the Act, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

5

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if his physical or mental impairments are "of such severity that he is not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Administrative regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that he has not engaged in any substantial gainful activity since the onset of his alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). The third step requires that the claimant provide evidence that his impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant demonstrates that he suffers from a listed impairment or that his severe impairment is equal to a listed impairment, he is presumed to be disabled and entitled to DIB benefits. *Id.*; 20 C.F.R. § 404.1520(d). If he cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). In doing so, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. *Id.*; SSR 96-8p, 61

Fed. Reg. 34474, 34477 (Jul. 2, 1996). Then, at step four, the ALJ determines whether the claimant's RFC permits him to resume previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's RFC permits him to resume previous employment, the claimant is not "disabled" and thus not entitled to DIB benefits. *Id.*; 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(a)(4)(v). Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with his medical impairments, age, education, past work experience, and RFC. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560. If the Commissioner cannot satisfy this burden, the claimant will receive DIB and SSI benefits. 20 C.F.R. § 404.1520(g).

## III.    <u>DISCUSSION</u>

Plaintiff appeals the ALJ' s decision and raises one main argument in support of remand. (*See generally* Pl.'s Moving Br.; Pl.'s Reply Br.) Specifically, Plaintiff contends that the ALJ erred by failing to develop the record and by improperly evaluating Dr. James Borthwick's ("Borthwick") medical opinions. (Pl.'s Moving Br. 10-19; Pl.'s Reply Br. 1-8.) Plaintiff argues that the ALJ's analysis of Borthwick's opinions is inadequate for both the supportability and consistency factors. (Pl.'s Moving Br. 12.) He contends that because Borthwick's progress notes were illegible, "the ALJ effectively avoided the required supportability inquiry." (*Id.* at 13.) Plaintiff also argues that the ALJ did not consider whether Borthwick's opinions contained supportive explanations, even though some of Borthwick's explanations appeared to be legible. (*Id.*)

"When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024) (emphasis in original). Under 20 C.F.R. § 404.1520c(a), an ALJ is required to consider medical opinions and determine the persuasiveness of the opinions by considering specific factors listed in the regulations. These factors include: (1) supportability; (2) consistency; (3) relationship of the medical source to the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, and extent of the treatment relationship; (4) specialization; and (5) other relevant factors. *Id.* § 404.1520c(c). Supportability and consistency are the most important factors. *Id.* § 404.1520c(b)(2). An ALJ, accordingly, must "explain how [she] considered [these two] factors" but need not "explain how [she] considered" the other factors. *Id.*

When giving this explanation, the ALJ "need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski*, 115 F.4th at 639. It is sufficient, rather, for the ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* "[T]he regulations[, moreover,] seek to enforce a 'source level' analysis, rather than dividing each source's opinions into different units to be separately analyzed," so the ALJ need not perform a supportability and consistency analysis "with regard to every aspect of the [medical] opinion." *Pyle v. Comm'r of Soc. Sec.*, No. 23-815, 2024 WL 4278291, at *1 n.1 (W.D. Pa. Sep. 24, 2024). Further, the ALJ is not required to provide a "written analysis about how [she] considered each piece of evidence." *Joseph P. v. Comm'r of Soc. Sec.*, No. 21-13524, 2023 WL 1929945, at *5 (D.N.J. Feb. 10, 2023) (citations omitted)). Instead, "[t]he new regulations reflect a 'reasonable articulation standard'" in which the "decision need only 'allow a subsequent reviewer . . . to trace the path of an adjudicator's reasoning.'" *Id.* (quoting 82 Fed. Reg. 5844-01, at 5858). In tracing

this path, "[a]n ALJ 'must give some indication of the evidence which [s]he rejects and h[er] reason(s) for discounting such evidence.'" *Tedesco v. Comm'r Soc. Sec.*, 833 F. App'x 957, 961 (3d Cir. 2020) (citation omitted). But "the ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Kelly v. Colvin*, No. 09-759, 2013 WL 5273814, at *10 (D. Del. Sep. 18, 2013) (quoting *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981)). It is, additionally, "not for this court to reweigh the various medical opinions in the record[,]" but instead "to determin[e] if there is substantial evidence to support the ALJ's weighing of those opinions." *Id.* (citations omitted).

Here, the Court finds that the ALJ properly considered the opinions of Borthwick and that her conclusion that Borthwick's opinions were not persuasive because they were "not supported by, []or consistent with, the remaining evidence of record" is supported by substantial evidence in the record. (AR 21-22.) The ALJ specifically determined that the "marked limitations in all spheres of mental, work[-]related functioning," and "extreme limitations in all spheres of mental, work related functioning" Borthwick opined Plaintiff had were "not supported by" "the medical evidence" which "reflects that [Plaintiff's] treatment has been limited and conservative." (*Id.* at 22.) In making the RFC determination, the ALJ also explained that "the nature, scope, and findings from [Plaintiff's] longitudinal treatment records are not supportive of the intensity or persistence of [Plaintiff's] subjective allegations." (*Id.*) The ALJ further determined that Plaintiff's "limitations, as well as his subjective complaints, are adequately accommodated by the assigned [RFC] of medium work." (*Id.*)

As to the other evidence in the record, the ALJ explained that she had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," as well as "the medical opinion(s) and prior

administrative medical findings" as required by the regulations. (*Id.* at 44.) In addition to the opinions of Borthwick, the ALJ also considered the following: (1) Plaintiff's testimony at the hearing; (2) Plaintiff's October 2020 hospital records; (3) the December 2022 consultation conducted by AnnaMarie Resnikoff, Ph.D. ("Resnikoff"); (4) the January 2023 consultation conducted by Francky Merlin, M.D.; and (5) the opinions of the psychiatric consultants at the state level. (*Id.* at 19-22.)

Plaintiff also contends that the ALJ erred by not further inquiring into what Borthwick's treatment notes said after the ALJ determined that the treatment notes were not legible. (Pl.'s Br. 12-16.) The ALJ, however, did consider Borthwick's opinions, which were legibly documented in the two mental impairment questionnaires. (*See* AR 22.) In questionnaire one, dated July 2022, Borthwick opined that Plaintiff had marked limitations in all spheres of mental, work-related functioning. (*Id.* at 329-32.) In the other questionnaire, dated December 2023, Borthwick opined that Plaintiff had extreme limitations in all spheres of mental, work-related functioning. (*Id.* at 362-64.) The ALJ specifically considered these opinions and found they were "not consistent with, the . . . evidence of record or [h]earing [t]estimony." (*Id.* at 22.) The ALJ explained that Borthwick's opinions were inconsistent with those of Resnikoff, and the prior administrative findings, which the ALJ found supported moderate mental limitations. (*Id.* 21-22.) The record, moreover, shows that Plaintiff only saw Borthwick for routine follow-ups every few months, and Plaintiff did not require any emergent or in-patient treatment for his mental impairments during or in proximity to the relevant period. (*See id.* at 19, 22, 333, 341-48, 414-15.) The ALJ, moreover, explained that she made her decision after "careful consideration of the entire record" (*id.* at 19), a representation that this Court accepts as true, *see Ramirez v. Kijakazi*, No. 22-431, 2023 WL 5916906, at *5 (M.D. Pa. Sep. 11, 2023) (explaining that the ALJ "stated [that] he rendered his

10

findings after consideration of the entire record[,]" and the court "should take [the ALJ] at his word"); *Jones v. Comm'r of Soc. Sec.*, 297 F. App'x 117, 120 (3d Cir. 2008) ("[W]e take the ALJ at his word.").

The Court, accordingly, finds that "the ALJ appropriately addressed the medical opinion evidence [of Borthwick] and gave h[er] reasons . . . for rejecting" it as not persuasive based on the record, which is a determination that is supported by substantial evidence in the record. (*See id.* at 22); *Stephanie P. v. Comm'r of Soc. Sec.*, No. 21-12524, 2023 WL 2214179, at *4 (D.N.J. Feb. 24, 2023); *see also Theresa S. v. Kijakazi*, No. 21-19997, 2022 WL 17959581, at *9 (D.N.J. Dec. 27, 2022) (affirming the ALJ's decision and finding that the ALJ's determination that the opinion of plaintiff's treating psychiatrist was not persuasive was supported by substantial evidence in the record).

The Court, accordingly, finds that the ALJ's conclusion that Borthwick's opinion evidence was not persuasive is supported by substantial evidence.

## IV.    CONCLUSION

For the reasons outlined above, the Court affirms the Commissioner's decision. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: MAY 26, 2026